IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-cv-7453 |
| | ) | |
| UBS O'CONNOR LLC, UBS SECURITIES LLC, | ) | **JURY TRIAL DEMANDED** |
| UBS AG, and UBS INVESTMENT BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK)

Limited ("EIG UK" and, collectively, "Plaintiffs"), by and through their undersigned counsel,

allege the following for their Complaint against Defendants UBS O'Connor LLC, UBS

Securities LLC, UBS AG, and UBS Investment Bank (collectively, "Defendants") based on

personal knowledge and on information and belief as appropriate:

## JURISDICTION AND VENUE

Plaintiffs bring this action against Defendant under (1) the Copyright Act of 1976,

17 U.S.C. §§ 101 et seq. (the "Copyright Act") for, inter alia, willful infringement of Plaintiffs'

registered copyrights; and (2) the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C.

§ 1201 et seq., for, inter alia, the intentional removal or alteration of copyright management

information.

1.     This Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act,

Section 1201 *et seq.* of the Copyright Act, and 28 U.S.C. §§ 1331 and 1338(a), over causes of

action alleging copyright infringement and the intentional removal or alteration of copyright management information.

2. Upon information and belief, this Court has personal jurisdiction over Defendants in that Defendants reside in, are registered to do business in, and/or are doing business in the State of Illinois and in this District. In addition, upon information and belief, many of the acts of infringement complained of herein occurred in the State of Illinois.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

### THE PARTIES

4. Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

5. Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Holborn Towers, 8th Floor, 137-144 High Holborn, London, WC1V 6PW United Kingdom.

6. Upon information and belief, Defendant UBS O'Connor LLC, also known as UBS O'Connor Limited, USA, is a Delaware limited liability company with a place of business located at One North Wacker Drive, Chicago, Illinois, 60606, and is registered to do business and is doing business in the State of Illinois.

7. Upon information and belief, Defendant UBS Securities LLC, a business entity wholly owned by UBS AG, is a Delaware limited liability company with a place of business located at One North Wacker Drive, Chicago, Illinois, 60606, and is registered to do business and is doing business in the State of Illinois.

8. Upon information and belief, Defendant UBS AG is a global financial services

2

provider with a place of business located at One North Wacker Drive, Chicago, Illinois, 60606, and is registered to do business and is doing business in the State of Illinois as a foreign banking corporation and through its wholly owned subsidiaries.

9.      Upon information and belief, Defendant UBS Investment Bank is a business division of Defendant UBS AG with a place of business located at One North Wacker Drive, Chicago, Illinois, 60606, and is doing business in the State of Illinois.

**FACTS COMMON TO ALL COUNTS**

**A.      Plaintiffs' Publications**

10.      Plaintiffs and their predecessors-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over fifty-nine (59) years.  In particular, Plaintiffs have published the daily newsletter *International Oil Daily* ("IOD") since 2002, the weekly newsletter *Petroleum Intelligence Weekly* ("PIW") since 1961, and the weekly newsletter *World Gas Intelligence* ("WGI") since 1991.  IOD, PIW, and WGI will be collectively referred to hereinafter as the "EIG Publications."

11.      The audience for the EIG publications consists predominantly of individuals with an interest in the oil and gas industry, including bankers, investors, stock market analysts and traders, commodity analysts and traders and others who follow the industry.  Representative samples of the EIG Publications are collectively attached hereto as Exhibit A.

12.      Plaintiffs have invested significant time and resources in developing their publications and services, including the EIG Publications.  Plaintiffs' focus is on providing original, high quality articles and analysis relating to the oil and gas industry.

13.     Plaintiffs maintain an editorial staff of approximately fifty (50) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

14.     The original content and information gathered by Plaintiffs and included in the EIG Publications and their other publications are valuable assets.  Plaintiffs also publish other original publications in addition to the EIG Publications, which include the following:

*Natural Gas Week;*

*Energy Intelligence Briefing*;

*Oil Daily*;

*Jet Fuel Intelligence*;

*Intelligence Finance incorporating International Petroleum Finance*;

*Energy Compass*;

*Uranium Intelligence Weekly*;

*Nefte Compass*;

*Oil Market Intelligence*;

*LNG Intelligence;*

*NGW's Gas Market Reconnaissance*;

*Oil Market Intelligence Numerical Data Source*;

*Natural Gas Week Numerical Data Source*;

*Nefte Compass Numerical Data Source;*

*World Gas Intelligence Numerical Data Source*;

*Petroleum Intelligence Weekly Numerical Data Source*;

*Data Guide to Russian and Caspian Oil & Gas* (multiple years);

*Asia-Pacific Refined Products*;

*Biofuels: Fuels of the Future?;*

*International Crude Oil Market Handbook* (multiple years);

*The Energy Intelligence Top 100:  Ranking the World's Oil Companies* (multiple years);

*World Gas Handbook* (multiple years);

*High Oil Prices: Causes and Consequences*;

*World LNG Outlook 2010 - 2011*;

*Libya Oil & Gas: Competition Heats Up*;

*Oil Supply Dilemma:  Needs of Major Oil Exporters*;

*The Quest for Dominance: NOC-IOC Rivalries, Alliances and the Shape of the New*
  *Global Oil Industry*;

*Understanding the Oil and Gas Industries*;

*World Crude Oil Outlook 2010 – 2020*;

*Iraq Oil and Gas: A Bonanza Still in Waiting*;

*Iraq Oil Forum*; and

*Obama Energy Vision*.

15.    Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including the EIG Publications.

16.    In order for third parties to benefit from Plaintiffs' extensive research efforts, and from the analytical and creative content contained in the EIG Publications and Plaintiffs' other publications, Plaintiffs require interested parties to purchase various subscription plans in order to access the valuable information contained therein.

17.     Interested third parties have various subscription options depending on individual needs.  Subscribers may obtain the EIG Publications and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues.

18.     Interested third parties may also purchase individual articles appearing in the EIG Publications and Plaintiffs' other publications, as well as in archived issues, from Plaintiffs' website.  The license fee for this Pay-Per-Article service is based on the number of users for the requested article.

19.     In order to better serve their customers, Plaintiffs historically participated in a licensing arrangement with a third party that could grant non-subscribers rights to use individual articles and/or portions of Plaintiffs' copyrighted works in a limited manner for a licensing fee.

20.     Additionally, on a very limited basis, Plaintiffs license and/or syndicate the content of their publications to certain third party users by agreement and after a time delay from when content originally appeared in the respective publication.  Pursuant to their respective agreements, various third party publishers use the content from Plaintiffs' publications in their own publications, library databases and/or other media.

21.     Among other registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for IOD, which are collectively referred to hereinafter as the "IOD Copyrighted Works" and are collectively attached hereto as Exhibit B:

- No. TX 6-152-004 for Edition 4 covering issues published in January 2005;
- No. TX 6-172-304 for Edition 4 covering issues published in February 2005;
- No. TX 6-156-951 for Edition 4 covering issues published in March 2005;
- No. TX 6-176-604 for Edition 4 covering issues published in April 2005;
- No. TX 6-172-296 for Edition 4 covering issues published in May 2005;
- No. TX 6-206-635 for Edition 4 covering issues published in June 2005;
- No. TX 6-206-679 for Edition 4 covering issues published in July 2005;
- No. TX 6-226-395 for Edition 4 covering issues published in August 2005;

- No. TX 6-226-406 for Edition 4 covering issues published in September 2005;
- No. TX 6-257-040 for Edition 4 covering issues published in October 2005;
- No. TX 6-267-192 for Edition 4 covering issues published in November 2005;
- No. TX 6-340-915 for Edition 4 covering issues published in December 2005;
- No. TX 6-286-053 for Edition 5 covering issues published in January 2006;
- No. TX 6-340-544 for Edition 5 covering issues published in February 2006;
- No. TX 6-337-678 for Edition 5 covering issues published in March 2006;
- No. TX 6-455-138 for Edition 5 covering issues published in April 2006;
- No. TX 6-425-045 for Edition 5 covering issues published in May 2006;
- No. TX 6-425-060 for Edition 5 covering issues published in June 2006;
- No. TX 6-431-331 for Edition 5 covering issues published in July 2006;
- No. TX 6-431-336 for Edition 5 covering issues published in August 2006;
- No. TX 6-456-930 for Edition 5 covering issues published in September 2006;
- No. TX 6-505-165 for Edition 5 covering issues published in October 2006;
- No. TX 6-508-613 for Edition 5 covering issues published in November 2006;
- No. TX 6-508-671 for Edition 5 covering issues published in December 2006;
- No. TX 6-550-428 for Edition 6 covering issues published in January 2007;
- No. TX 6-550-618 for Edition 6 covering issues published in February 2007;
- No. TX 6-550-612 for Edition 6 covering issues published in March 2007;
- No. TX 6-587-007 for Edition 6 covering issues published in April 2007;
- No. TX 6-614-134 for Edition 6 covering issues published in May 2007;
- No. TX 6-626-691 for Edition 6 covering issues published in June 2007;
- No. TX 6-626-692 for Edition 6 covering issues published in July 2007;
- No. TX 6-626-269 for Edition 6 covering issues published in August 2007;
- No. TX 6-626-273 for Edition 6 covering issues published in September 2007;
- No. TX 6-648-200 for Edition 6 covering issues published in October 2007;
- No. TX 6-624-982 for Edition 6 covering issues published in November 2007;
- No. TX 6-645-631 for Edition 6 covering issues published in December 2007;
- No. TX 6-664-378 for Edition 7 covering issues published in January 2008; and
- No. TX 6-648-374 for Edition 7 covering issues published in February 2008.

22. Among other registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for PIW, which are collectively referred to hereinafter as the "PIW Copyrighted Works" and are collectively attached hereto as Exhibit C:

- No. TX 6-124-329 for Volume 44 covering issues dated January 3, 10, 17, 24, 31, 2005 and February 7, 14, 21, 28, 2005;
- No. TX 6-300-730 for Volume 45 covering issues dated January 2, 9, 16, 23, 30, 2006; and
- No. TX 6-628-389 for Volume 46 covering issues dated August 6, 13, 20, 27, 2007.

23. Among other registrations Plaintiffs are the owners of the following U.S. Copyright Registrations for WGI, which are collectively referred to hereinafter as the "WGI Copyrighted Works" and are collectively attached hereto as Exhibit D:

- No. TX 6-431-291 for Volume 17 covering issues dated August 2, 9, 16, 23, 30, 2006; and
- No. TX 6-549-386 for Volume 18 covering issues dated March 7, 14, 21, 28, 2007.

24. Plaintiffs provide copyright notices on their website, invoices, emails, transmittal letters, articles and publications so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship.

25. Additionally, Plaintiffs provide a comprehensive copyright notice that appears within all the EIG Publications and all of Plaintiffs' other publications (the "Copyright Notice"), and in IOD the copyright notice specifically states, "[a]ccess, distribution, and reproduction are subject to the terms and conditions of the subscription agreement and/or license with [Energy Intelligence Group, Inc.]."

26. The Copyright Notice in IOD also provides that any "[a]ccess, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence Group, Inc. is willful copyright infringement."

**B.** **Defendants' Business Relationship and Contractual Agreements With Plaintiffs**

27. Upon information and belief, an employee of Defendant UBS AG, Mr. Jon Rigby ("Rigby"), had a single-user email subscription to IOD and received IOD on a daily basis at the email address jon.rigby@ubs.com from April 27, 2005 until August 16, 2010.

28. Upon information and belief, an employee of Defendant UBS AG or a company related to Defendants, Ms. Louise Hough ("Hough"), had a single-user subscription to PIW from

8

March 3, 2003 through January 4, 2006, and received PIW on a weekly basis. On January 5, 2006 the subscriber name for Hough's PIW subscription changed to Jon Rigby. Rigby continues to receive PIW on a weekly basis at the email address jon.rigby@ubs.com through the present day.

29.     Upon information and belief, Hough had a single-user subscription to WGI from March 3, 2003 through January 4, 2006, and received WGI on a weekly basis. On January 5, 2006 the subscriber name for Hough's WGI subscription changed to Jon Rigby. Rigby continues to receive WGI on a weekly basis at the email address jon.rigby@ubs.com through the present day.

30.     Upon information and belief, the email address jon.rigby@ubs.com is used by Rigby, who is physically located in London, United Kingdom.

**C.**     **Defendants' Improper Use of Plaintiffs' Copyrighted Content**

31.     From at least as early as April of 2005, Rigby received issues of IOD per the terms of the single-user subscription agreement.

32.     From at least as early as March of 2003, Hough, and later Rigby, received issues of PIW and WGI per the terms of the single-user subscription agreements.

33.     Upon information and belief, employees of Defendant UBS AG and/or the other named Defendants copy information from the EIG Publications and use this copyrighted material in reports entitled "UBS Investment Research – Daily Oil News" (hereinafter "Daily Oil News").

34.     Upon information and belief, Daily Oil News is then distributed to recipients within and without Defendants' companies, including but not limited to their officers, employees, consultants and customers located in Chicago, Illinois and throughout the United States and the world.

35.     Upon information and belief, Daily Oil News is also copied to and distributed from Defendants' website, intranet and file servers for use by Defendants' employees and their customers.

36.     Upon information and belief, Daily Oil News is a daily publication that appropriates and reproduces original copyrighted material from issues of the EIG Publications—including the IOD, PIW, and WGI Copyrighted Works—in the form of entire articles or portions thereof. Upon information and belief, Daily Oil News has been published for years and received on a daily basis by, among other individuals, Defendants' employees and customers.

37.     Upon information and belief, the appropriated material in Defendants' Daily Oil News contains substantial amounts of Plaintiffs' original content, particularly from IOD and also from PIW and WGI articles, and, in each case, contains the crucial content and analysis from each appropriated article as originally expressed in the EIG Publications.

38.     Single-user subscriptions to the EIG Publications prohibit any copying, distributing, forwarding or creating of derivative works and do not grant any other license to use any content contained in any issue of the EIG Publications in any form whatsoever. Single-user subscriptions define any unauthorized use of the EIG Publications and the content as willful infringement.

39.     No subscription agreement or any other agreement authorizes Defendants to copy, exhibit, display, transmit, forward, distribute, reproduce, create derivative works based upon, or otherwise use the content of the individual copyrighted articles contained in any issue of the EIG Publications in part and/or in full in any manner.

40. Issues of Daily Oil News expressly state that it is prepared by UBS AG or an affiliate thereof, and that Defendant UBS Securities LLC, among other entities, is responsible for distribution of Daily Oil News within the United States.

41. Upon information and belief, Defendant UBS AG and/or the other named Defendants have willfully undertaken to copy, exhibit, transmit, display, distribute and prepare derivative works from articles contained in the EIG Publications or substantial portions thereof without permission from Plaintiffs and have taken efforts to conceal said actions. Upon information and belief, Defendant UBS AG and/or the other named Defendants changed the text of articles to further conceal the source of the original copyrighted material from which it was copied.

42. Upon information and belief, Defendant UBS AG and/or the other named Defendants have willfully copied, exhibited, transmitted, displayed, distributed and prepared derivative works from copyrighted EIG Publications or substantial portions thereof from at least as early as January 4, 2005.

43. Upon information and belief, the appropriated material in Daily Oil News contains content from over 2,000 separate articles published in the EIG Publications.

44. Upon information and belief, Defendants maintain or maintained a database, electronic storage system, archival system, hard drives and/or servers in the United States that contain and/or store Daily Oil News at some time between 2005 and the present.

45. Upon information and belief, copies of Defendants' Daily Oil News containing substantial amounts of Plaintiffs' original content were accessible to Defendants through Defendants' internet-based research system.

46.     Upon information and belief, Defendants forwarded, stored and received Daily Oil News using email servers, computers, computer servers, and/or other computer systems controlled and/or used by Defendants.

47.     Plaintiffs first learned of Defendants UBS Securities LLC's and UBS AG's infringing activity on or about November 20, 2007, and first learned of Defendants UBS O'Connor LLC's and UBS Investment Bank's infringing activity on or about March 30, 2010.

48.     Upon information and belief, based on Defendants' past pattern of systematic infringement, Defendants have received, through single-user subscription agreements, various publications owned by Plaintiffs, and have copied the publications or portions thereof, and have forwarded Plaintiffs' publications or portions thereof to third parties without permission or authorization from Plaintiffs.

49.     When reproducing the EIG Publications, Defendants omit the copyright notice displayed in connection with each of the original publications by Plaintiffs.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF INTERNATIONAL OIL DAILY

50.     Plaintiffs repeat and allege Paragraphs 1-49 as though fully set forth herein.

51.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the IOD Copyrighted Works and articles contained therein and are the owners of valid copyright registrations for the IOD Copyrighted Works.  *See* Exhibit B.

52.     Articles contained in the IOD Copyrighted Works are highly original and contain creative expression and independent analysis.

53.     Copies of the IOD Copyrighted Works were made available to Defendant UBS AG's employee pursuant to single-user subscription agreements with Plaintiffs.

12

54. Upon information and belief, Defendants' employees have for years received, copied, transmitted and distributed copies of Daily Oil News that contain the IOD Copyrighted Works and/or portions thereof to individuals in Chicago, Illinois, and the remainder of the United States and the world, who are not authorized users, and concealed these activities for years from Plaintiffs.

55. Upon information and belief, since at least as early as April 27, 2005 and through August 16, 2010, Defendants continually and systematically received, copied, transmitted, and distributed copies of Daily Oil News that contain the IOD Copyrighted Works to numerous unauthorized users without implied or express authority, nor with Plaintiffs' express or implied permission.

56. Upon information and belief, based on Defendants' pattern of systematic infringement, Defendants' infringement commenced on or about April 27, 2005 and continued until at least August 16, 2010, and from at least as early as January 2005, Defendants have infringed other publications of Plaintiffs.

57. Plaintiffs did not grant Defendants any right to receive, copy, transmit or distribute the IOD Copyrighted Works and/or portions thereof beyond the use permitted pursuant to the single-user subscription agreements.

58. IOD single-user subscription agreements prohibit any copying, transmitting, or distributing of any issue of the IOD Copyrighted Works, any articles contained therein, or any portion of any articles contained therein to individuals or entities who are not authorized users, and state that such unauthorized use is willful infringement.

59. Upon information and belief, Defendants willfully infringed the copyrights in the IOD Copyrighted Works by receiving, copying, transmitting, and distributing copies of Daily Oil

News that contain the IOD Copyrighted Works and/or portions thereof without permission and/or authorization express or implied from Plaintiffs.

60.     Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the IOD Copyrighted Works.  Defendants' receiving, copying, transmitting and distributing copies of Daily Oil News that contain the IOD Copyrighted Works constitute a willful and deliberate infringement of Plaintiffs' copyrights and such actions are causing irreparable harm and damage to Plaintiffs.

61.     Plaintiffs have no adequate remedy at law.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF PETROLEUM INTELLIGENCE WEEKLY

62.     Plaintiffs repeat and allege Paragraphs 1-61 as though fully set forth herein.

63.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the PIW Copyrighted Works and articles contained therein and are the owners of valid copyright registrations for the PIW Copyrighted Works.  *See* Exhibit C.

64.     Articles contained in the PIW Copyrighted Works are highly original and contain creative expression and independent analysis.

65.     Copies of the PIW Copyrighted Works are made available to Defendant UBS AG's employees pursuant to single-user subscription agreements with Plaintiffs.

66.     Upon information and belief, Defendants' employees  have for years received, copied, transmitted and distributed copies of Daily Oil News that contain the PIW Copyrighted Works and/or portions thereof to individuals in Chicago, Illinois, and the remainder of the United

14

States and the world, who are not authorized users, and concealed these activities for years from Plaintiffs.

67. Upon information and belief, from at least as early as January 4, 2005 and to the present day, Defendants have continually and systematically received, copied, transmitted and distributed copies of Daily Oil News that contain the PIW Copyrighted Works and/or portions thereof to numerous unauthorized users, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

68. Upon information and belief, based on Defendants' pattern of systematic infringement, Defendants' infringement commenced on or about January 4, 2005 and is ongoing to the present day, and from at least as early as January 2005, Defendants have infringed other publications of Plaintiffs.

69. Plaintiffs did not grant Defendants any right to receive, copy, transmit or distribute the PIW Copyrighted Works and/or portions thereof beyond the use permitted pursuant to the single-user subscription agreements.

70. PIW single-user subscription agreements prohibit any copying, transmitting, or distributing of any issue of the PIW Copyrighted Works, any articles contained therein, or any portion of any articles contained therein to individuals or entities who are not authorized users, and state that such unauthorized use is willful infringement.

71. Upon information and belief, Defendants willfully infringed the copyrights in the PIW Copyrighted Works by receiving, copying, transmitting, and distributing Daily Oil News which contains the PIW Copyrighted Works and/or portions thereof without permission and/or authorization express or implied from Plaintiffs.

72.     Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the PIW Copyrighted Works.  Defendants' receiving, copying, transmitting and distributing copies of Daily Oil News which contains the PIW Copyrighted Works constitute a willful and deliberate infringement of Plaintiffs' copyrights and such actions are causing irreparable harm and damage to Plaintiffs.

73.     Plaintiffs have no adequate remedy at law.

## COUNT THREE
## COPYRIGHT INFRINGEMENT OF WORLD GAS INTELLIGENCE

74.     Plaintiffs repeat and allege Paragraphs 1-73 as though fully set forth herein.

75.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the WGI Copyrighted Works and articles contained therein and are the owners of valid copyright registrations for the WGI Copyrighted Works.  *See* Exhibit D.

76.     Articles contained in the WGI Copyrighted Works are highly original and contain creative expression and independent analysis.

77.     Copies of the WGI Copyrighted Works are made available to Defendant UBS AG's employees pursuant to single-user subscription agreements with Plaintiffs.

78.     Upon information and belief, Defendants' employees receive, copy, transmit and distribute copies of Daily Oil News that contain the WGI Copyrighted Works and/or portions thereof to individuals in Chicago, Illinois, and the remainder of the United States and the world, who are not authorized users, and concealed these activities for years from Plaintiffs.

79.     Upon information and belief, from at least as early as January 4, 2005 and to the present day, Defendants have continually and systematically received, copied, transmitted and

distributed copies of Daily Oil News that contain the WGI Copyrighted Works and/or portions thereof to numerous unauthorized users, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

80. Upon information and belief, based on Defendants' pattern and systematic infringement, Defendants' infringement commenced on or about January 4, 2005 is ongoing to the present day, and from at least as early as January 2005, Defendants have infringed other publications of Plaintiffs.

81. Plaintiffs did not grant Defendants any right to receive, copy, transmit or distribute copies of Daily Oil News that contain the WGI Copyrighted Works and/or portions thereof beyond the use permitted pursuant to the single-user subscription agreements.

82. WGI single-user subscription agreements prohibit any copying, transmitting, or distributing of any issue of the WGI Copyrighted Works, any articles contained therein, or any portion of any articles contained therein to individuals or entities who are not authorized users, and state that such unauthorized use is willful infringement.

83. Upon information and belief, Defendants willfully infringed the copyrights in the WGI Copyrighted Works by receiving, copying, transmitting, and distributing copies of Daily Oil News that contain the WGI Copyrighted Works and/or portions thereof without permission and/or authorization express or implied from Plaintiffs.

84. Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the WGI Copyrighted Works. Defendants' receiving, copying, transmitting and distributing of copies of Daily Oil News that contain the WGI Copyrighted

Works constitute a willful and deliberate infringement of Plaintiffs' copyrights and such actions are causing irreparable harm and damage to Plaintiffs.

85. Plaintiffs have no adequate remedy at law.

## COUNT FOUR
## VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT

86. Plaintiffs repeat and allege paragraphs 1 through 85 as though fully set forth herein.

87. Plaintiffs communicate their ownership of the copyrights in the IOD Copyrighted Works by including proper copyright notice on each publication. Namely, Plaintiffs include the word "copyright" and/or the symbol ©, the year of first publication of the work, and an owner of the copyright on the IOD Copyrighted Works. For example, the front cover of the November 20, 2007 issue of IOD contains the following copyright notice: "Copyright © 2007 EIG. Unauthorized access or electronic forwarding, even for internal use, is prohibited." Additionally, the November 20, 2007 issue of IOD contains the following copyright notice inside the publication: "Copyright © 2007 by Energy Intelligence Group, Inc.". *See* Exhibit A.

88. The copyright notices on the IOD Copyrighted Works constitute copyright management information as that term is defined in 17 U.S.C. § 1202(c), because each identifies the copyright owner of the work, identifies terms and conditions for use of the work, and conveys other information set forth in a notice of copyright. *See* Exhibit A.

89. Plaintiffs communicate their ownership of the copyrights in the PIW Copyrighted Works by including proper copyright notice on each publication. Namely, Plaintiffs include the word "copyright" and/or the symbol ©, the year of first publication of the work, and an owner of the copyright on the PIW Copyrighted Works. For example, the front cover of the January

18

31, 2005 issue of PIW contains the following copyright notice: "Photocopying of PIW, even for internal distribution, is strictly prohibited. Since 1961. © 2005 EIG, Inc.". *See* Exhibit A.

90.    The copyright notices on the PIW Copyrighted Works constitutes copyright management information as that term is defined in 17 U.S.C. § 1202(c), because each identifies the copyright owner of the work, identifies terms and conditions for use of the work, and conveys other information set forth in a notice of copyright. *See* Exhibit A.

91.    Plaintiffs communicate their ownership of the copyrights in the WGI Copyrighted Works by including the proper copyright notice in each publication. Namely, Plaintiffs include the word "copyright" and/or the symbol ©, the year of first publication of the work, and an owner of the copyright on the WGI Copyrighted Works. For example, the front cover of the August 16, 2006 issue of WGI contains the following copyright notice: "Photocopying of WGI, even for internal distribution, is strictly prohibited. © 2006 EIG, Inc.". Additionally, the August 16, 2006 issue of WGI contains the following copyright notice inside the publication: "© Copyright 2006 Energy Intelligence Group, Inc.". *See* Exhibit A.

92.    The copyright notices on the WGI Copyrighted Works constitute copyright management information as that term is defined in 17 U.S.C. § 1202(c), because each identifies the copyright owner of the work, identifies terms and conditions for use of the work, and conveys other information set forth in a notice of copyright. *See* Exhibit A.

93.    Without authority or permission from Plaintiffs, Defendants have intentionally removed and/or altered, and/or have caused and induced others to remove and/or alter, copyright management information from the IOD, PIW and WGI Copyrighted Works, and have thereafter distributed substantial portions of those Works, having reasonable grounds to know

that such acts would induce, enable, facilitate or conceal an infringement of copyright under Title 17 of the United States Code, in violation of 17 U.S.C. § 1202(b).

94.     Defendants' removal or alteration of copyright management information from the IOD, PIW and WGI Copyrighted Works and subsequent distribution of substantial portions of these Works has been willful and intentional, executed with full knowledge of Plaintiffs' exclusive rights in the IOD, PIW and WGI Copyrighted Works, and in conscious disregard of those rights.

95.     Plaintiffs are entitled to recover their actual damages suffered as a result of Defendants' violation of the DMCA and any of Defendants' profits that are attributable to the violation and not taken into account in computing actual damages, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 1203(c) for each alteration or removal of copyright management information.

96.     Plaintiffs are also entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

97.     Defendants' violations of 17 U.S.C. § 1202 have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiffs not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiffs are entitled to a permanent injunction enjoining Defendants from further such violations.

98.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

WHEREFORE, Plaintiffs demand judgment against Defendants on the foregoing claims as follows:

(1)     That Defendants, their directors, officers, agents, subsidiaries, related companies and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from (1) using and infringing the copyright and/or copyrights of Plaintiffs in any manner, and from receiving, copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future IOD Copyrighted Works, NGW Copyrighted Works and PIW Copyrighted Works; and (2) removing or altering Plaintiffs' copyright management information;

(2)     That Defendants be required to pay to Plaintiffs such actual damages they have sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. § 504; and removal or alteration of Plaintiffs' copyright management information pursuant to 17 U.S.C.§ 1203(c);

(3)     That Defendants be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504; and from its removal or alteration of Plaintiff's copyright management information pursuant to 17 U.S.C §1203(c);

(4)     That Defendants be required to pay Plaintiffs an increase in the award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c)(2) and 17 U.S.C. § 1203©;

(5)     That the Court issue an order requiring Defendants to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendants' unauthorized use of Plaintiffs' copyrighted materials;

(6)     That the Court enter judgment against Defendants in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7)     That the Court enter judgment against Defendants finding that their unlawful copying, exhibiting, transmitting, displaying, distributing of the IOD Copyrighted Works, the NGW Copyrighted Works and PIW Copyrighted Works is willful;

(8)     That Defendants be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(9)     That Plaintiffs be granted such further relief as the Court deems just.


Dated: November 19, 2010                              Respectfully submitted,


                                        By: /s/ Scott A. Sanderson
                                            Michael R. Graham (6193165)
                                            Gregory J. Chinlund (6236846)
                                            Thomas I. Ross (3125527)
                                            Scott A. Sanderson (6290663)
                                            MARSHALL, GERSTEIN & BORUN LLP
                                            233 South Wacker Drive
                                            6300 Willis Tower
                                            Chicago, IL  60606
                                            Telephone:  (312) 474-6300
                                            Facsimile:  (312) 474-0448

                                            *Local Counsel for Plaintiffs*
                                            ENERGY INTELLIGENCE GROUP, INC. AND
                                            ENERGY INTELLIGENCE GROUP (UK)
                                            LIMITED

Robert L. Powley (Pro Hac Vice Pending)
James M. Gibson (Pro Hac Vice Pending)
Margarita Wallach (Pro Hac Vice Pending)
Michelle K. Riley (Pro Hac Vice Pending)
POWLEY & GIBSON, P.C.
304 Hudson, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

*Attorneys For Plaintiffs*
ENERGY INTELLIGENCE GROUP, INC. AND
ENERGY INTELLIGENCE GROUP (UK)
LIMITED